**Dana Townsend, as the personal representative of Wrongful Death Estate of Charles Sparks, deceased, v. Liberty Mutual Insurance Company**

**APPENDIX A**

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Dana Townsend v. Liberty Mutual Insurance Company

| Case Number | 49D11-2007-CT-024564 |
|---|---|
| Court | Marion Superior Court, Civil Division 11 |
| Type | CT - Civil Tort |
| Filed | 07/23/2020 |
| Status | 07/23/2020 , Pending  (active) |

## Parties to the Case

| Defendant | Liberty Mutual Insurance Company |
|---|---|

| Plaintiff | Townsend, Dana |
|---|---|
| Attorney | Sarah Graziano |
| | *#2165049, Lead, Retained* |
| | HENSLEY LEGAL GROUP PC |
| | 117 East Washington Street |
| | Suite 200 |
| | Indianapolis, IN 46204 |
| | 317-472-3333(W) |
| Attorney | Eileen Ruth Smart |
| | *#3576149, Retained* |
| | 117 E. Washington Street |
| | Suite 200 |
| | Indianapolis, IN 46204 |
| | 317-472-3333(W) |

## Chronological Case Summary

| 07/23/2020 | **Case Opened as a New Filing** |
|---|---|

| 07/23/2020 | **Complaint/Equivalent Pleading Filed** |
|---|---|
| | Complaint for Damages |
| | Filed By:    Townsend, Dana |
| | File Stamp:  07/23/2020 |

| 07/23/2020 | **Subpoena/Summons Filed** |
|---|---|
| | Summons - Liberty Mutual Insurance Company |
| | Filed By:    Townsend, Dana |
| | File Stamp:  07/23/2020 |

| 07/23/2020 | **Appearance Filed** |
|---|---|
| | Appearance of Sarah Graziano |
| | For Party:   Townsend, Dana |
| | File Stamp:  07/23/2020 |

| 07/23/2020 | **Appearance Filed** |
|---|---|
| | Appearance of Eileen Smart |
| | For Party:   Townsend, Dana |
| | File Stamp:  07/23/2020 |

07/24/2020   **Certificate of Issuance of Summons**

Certificate of Issuance of Summons - Liberty Mutual Insurance Company

Filed By:          Townsend, Dana

File Stamp:      07/24/2020

08/04/2020   **Certified Mail Returned**

Green Card Returned - signed

Party Served:       Liberty Mutual Insurance Company

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any
balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding
balances shown, please contact the Clerk's Office.

**Townsend, Dana**

Plaintiff

Balance Due (as of 08/20/2020)

0.00

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 07/23/2020 | Transaction Assessment | 157.00 |
| 07/23/2020 | Electronic Payment | (157.00) |

| This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record. |
|---|

Case 1:20-cv-02191-JPH-MJD  49D11-2007-CT-024564 20/20  Page 4 of 66 PageID #: 73 3/2020 1:12 PM
Clerk
Marion County, Indiana

Marion Superior Court, Civil Division 11

STATE OF INDIANA      )          IN THE MARION COUNTY SUPERIOR COURT
                      ) SS:
COUNTY OF MARION )               CAUSE NO:
                                 )
DANA TOWNSEND, as the personal   )
representative of WRONGFUL        )
DEATH ESTATE OF CHARLES           )
SPARKS, deceased,                )
                                 )
              Plaintiff,          )
                                 )
       vs.                        )
                                 )
LIBERTY MUTUAL INSURANCE          )
COMPANY,

              Defendant.

_____

## COMPLAINT FOR DAMAGES

COMES now the Plaintiff, Dana Townsend, as the personal representative of the

Wrongful Death Estate of Charles Sparks, deceased ("Plaintiff"), by counsel, and for his

Complaint for Damages against the Defendant, Liberty Mutual Insurance Company

("Defendant"), alleges and asserts that:

1.      At all times mentioned herein, Charles Sparks was a resident of the City of

Indianapolis, County of Marion, State of Indiana.

2.      Charles Sparks was severely injured in the event outlined below that ultimately

took his life on August 12, 2019.

3.      Dana Townsend has been appointed to serve as the Personal Representative of the

Wrongful Death Estate of Charles Sparks. The Estate was filed in Marion County Superior Court

Probate Division under Cause Number 49D08-1908-EU-036140.

4.     At all ties relevant hereto, Dana Townsend was and is a resident of the City of Indianapolis, County of Marion, State of Indiana.

5.     At all times mentioned herein, Liberty Mutual Insurance Company, was an insurance company licensed to do and conducting business in the State of Indiana.

6.     At all times mentioned herein there was, and is now, a McDonald's restaurant located at 5416 East Street near the City of Indianapolis, County of Marion, State of Indiana.


### COUNT I
### Uninsured Breach of Contract Claim

7.     The Plaintiff hereby incorporates by reference paragraphs one (1) through six (6) of this Complaint into Count I as if fully stated herein.

8.     On or about August 7, 2019, Charles Sparks was exiting the aforementioned McDonald's restaurant and was appropriately walking to his car in the parking lot.

9.     As Charles Sparks was in the parking lot, motorist Brittany Brummett suddenly and with reckless disregard to pedestrians nearby, reversed her vehicle out of her parking spot and struck Charles Sparks, throwing him to the ground.

10.    The aforementioned event on August 7, 2019 was directly and proximately caused by the carelessness and negligence of motorist Brittany Brummett.

11.    On May 19, 2020 under cause Number 49D05-2001-CT-002451, *Dana Townsend as personal representative of Wrongful Death Estate of Charles Sparks v. Brummett,* this Court granted judgment against Brummett on the issue of liability.

12.    As a direct and proximate result of the carelessness and negligence of Brittany Brummett, the Plaintiff sustained severe personal injuries ultimately leading to his death on August 12, 2019.

13.     At the time of the event detailed herein on August 7, 2019, Brittany Brummett was operating her vehicle as an uninsured motorist.

14.     At the time of the August 7, 2019 collision, detailed herein, the deceased, Charles Sparks, was insured by an automobile insurance policy, #A0X-248-273775-70-8-0 issued by the Defendant, Liberty Mutual Insurance Company ("policy").  *A copy of the automobile policy is attached to this Complaint and identified as Exhibit 1.*

15.     At the time of the August 7, 2019 collision, the policy was in full force and effect.

16.     Prior to and at the time of the August 7, 2019 event detailed herein, the deceased, Charles Sparks, had applied for and was granted an umbrella policy by Liberty Mutual with a coverage limit of $2,000,000.00 under policy # LJ1-248-014041-70.  *A copy of the umbrella policy is attached to this Complaint and identified as Exhibit 2.*

17.     The automobile policy of insurance between Liberty Mutual Insurance Company and Charles Sparks provided uninsured motorist insurance coverage and umbrella coverage to the Plaintiff for the August 7, 2019 event.

18.     Liberty Mutual Insurance Company has provided payment of $250,000.00 to the Estate of Charles Sparks under the automobile policy of insurance.

19.     The Plaintiff has made a demand for the $2,000,000.00 in coverage under the umbrella policy for the August 7, 2019 event described herein, and that demand has been rejected by Defendant Liberty Mutual Insurance Company.

20.     By rejecting the Plaintiff's demand for the uninsured motorist coverage under the umbrella policy, Liberty Mutual Insurance Company has breached the policy of insurance that was available to Charles Sparks, and now the Plaintiff herein.

21.     As a direct and proximate result of the breach of contract by Liberty Mutual Insurance Company the Plaintiff has been harmed and sustained losses and related damages.

WHEREFORE, the Plaintiff, the Wrongful Death Estate of Charles Sparks, prays that the Court grant judgment against the Defendant, Liberty Mutual Insurance Company, in an amount commensurate with the Estate's harms and losses, for pre and post judgment interest, for the costs of this action, and for all other relief just and proper in the premises.

Respectfully submitted,

_____
Sarah Graziano, # 21650-49
Attorney for Plaintiff

**HENSLEY LEGAL GROUP, PC**
117 E. Washington Street, Suite 200
Indianapolis, IN 46204
(317) 472-3333 Phone
(317) 472-3340 Facsimile
sgraziano@hensleylegal.com

## COUNT II

## Errors & Omissions Claim

22.     The Plaintiff hereby incorporates by reference paragraphs one (1) through twenty one (21) of this Complaint into Count II as if fully stated herein.

23.     Charles Sparks, on or about August 23, 2017, communicated with Defendant Liberty Mutual Insurance Company about his insurance needs for auto, home and umbrella liability.

24.     At all times mentioned herein, Liberty Mutual Insurance Company acted both as the insurance company and as the insurance agent procuring the insurance on behalf of Charles Sparks.

25.     Charles Sparks was issued the policy of insurance identified herein by Liberty Mutual Insurance Company on or about August 23, 2017 and Liberty Mutual renewed the same on or before the policy termination period, on or about August 23, 2018.

26.     Charles Sparks requested an umbrella policy be issued for his benefit by Liberty Mutual Insurance Company for the sum $2,000,000.00.

27.     The umbrella policy was issued by Liberty Mutual Insurance Company to Charles Sparks with coverage of $2,000,000.00.

28.     Charles Sparks, relying on Liberty Mutual Insurance Company, had successfully completed the process of securing an umbrella policy of $2,000,000.00 that provided coverage for liability of Charles Sparks, as well as providing uninsured and underinsured coverage in the amount of $2,000,000.00 for Charles Sparks.

29.     Dana Townsend is an insured as defined under the umbrella policy issued by Liberty Mutual detailed herein.

30.     Neither Charles Sparks nor Dana Townsend executed a rejection of uninsured motorist coverage for the umbrella policy.

31.     Neither Charles Sparks nor Plaintiff were aware that the umbrella policy of $2,000,000.00 would not provide necessary uninsured motorist coverage for the losses arising out of the August 7, 2019 event detailed herein until after the occurrence of the August 7, 2019 event.

32.     Liberty Mutual Insurance Company's failure to insure Charles Sparks or Plaintiff with the umbrella policy applicable to uninsured motorist claims and/or inform Charles Sparks or the Plaintiff that said policy did not provide such coverage was deficient and fell below the applicable standard of care of insurance agents and insurance companies doing business in Indiana.

33.     Liberty Mutual Insurance Company owed their client, Charles Sparks, a general duty of reasonable care, skill and good faith in obtaining insurance and following their client's intentions or instructions.

34.     Liberty Mutual Insurance Company owes Plaintiff, a general duty of reasonable care, skill and good faith in obtaining insurance and following their client's intentions or instructions.

35.     Liberty Mutual Insurance Company owed their client, Charles Sparks, a duty to advise Charles Sparks about the adequacy of available coverage, the limitations of the coverage being offered by Liberty Mutual Insurance Company, and the availability of alternative coverage.

36.     Liberty Mutual Insurance Company owed their client, Dana Townsend a duty to advise Dana Townsend about the adequacy of available coverage, the limitations of the coverage being offered by Liberty Mutual Insurance Company, and the availability of alternative coverage.

37.     Liberty Mutual Insurance Company, negligently and recklessly breached their duties owed to Charles Sparks and the Plaintiff herein, Dana Townsend.

38.     As a direct and proximate result of Liberty Mutual Insurance Company's negligent and recklessness conduct, the Plaintiff has been harmed and sustained losses and related damages.


WHEREFORE, the Plaintiff, the Wrongful Death Estate of Charles Sparks, prays that the Court grant judgment against the Defendant, Liberty Mutual Insurance Company, in an amount commensurate with the Estate's harms and losses, for pre and post judgment interest, for attorney fees, for the costs of this action, and for all other relief just and proper in the premises.


Respectfully submitted,


Sarah Graziano, # 21650-49
Attorney for Plaintiff


**HENSLEY LEGAL GROUP, PC**
117 E. Washington Street, Suite 200
Indianapolis, IN 46204
(317) 472-3333 Phone
(317) 472-3340 Facsimile
sgraziano@hensleylegal.com

## <u>REQUEST FOR TRIAL BY JURY</u>

COMES now the Plaintiff, DANA TOWNSEND, as the personal representative of

WRONGFUL DEATH ESTATE OF CHARLES SPARKS, deceased, by counsel and files herein

his request for trial by jury for the above action.

Respectfully submitted,

Sarah Graziano, # 21630-49
Attorney for Plaintiff

**HENSLEY LEGAL GROUP, PC**
117 E. Washington Street, Suite 200
Indianapolis, IN 46204
(317) 472-3333 Phone
(317) 472-3340 Facsimile
sgraziano@hensleylegal.com

**?** **Questions about your Policy?**
Call 1-800-225-8285

**Policy Number:**
AOX-248-273775-70 8  0

**Report a Claim:**
1-800-2CLAIMS or
LibertyMutual.com/claims

**Liberty Mutual**
INSURANCE

⚠ **ACTION REQUIRED:**
PLEASE REVIEW AND KEEP FOR YOUR RECORDS.

# Policy Declarations
## Total Annual Premium: $2,029.00

Your discounts and benefits have been applied. Includes state sales tax and local surcharge where applicable.

### Insurance Information

| | | | |
|---|---|---|---|
| Named Insured: | Charles Sparks<br>Dana Sparks | Policy Number: | AOX-248-273775-70 8  0 |
| Mailing Address: | 8511 Royal Mews Ct<br>Indianapolis IN 46237-9275 | Policy Period: | 08/24/2018-08/24/2019 12:01 a.m.<br>standard time at the address of the<br>Named Insured |
| | | Declarations Effective: | 08/24/2018 |
| | | Affinity Affiliation: | Subaru of America |

### Vehicles Covered by Your Auto Policy

| | YEAR | MAKE | MODEL | VEHICLE ID NUMBER | ANNUAL MILEAGE | PURCHASE DATE |
|---|---|---|---|---|---|---|
| 1 | 2014 | SUBARU | FORESTER | JF2SJAHC9EH519164 | 6,500 | 2013 |
| 2 | 2014 | SUBARU | OUTBACK | 4S4BRCLCXE3211830 | 11,500 | 2013 |
| 3 | 2013 | MINI COOPER | COOPER | WMWSY3C53DT594210 | 6,500 | 2013 |

### Driver Information

| | NAME | STATE | | NAME | STATE |
|---|---|---|---|---|---|
| 1 | Charles Sparks | IN | 2 | Dana Sparks | IN |

**To ensure proper coverage, please contact us to add drivers not listed above.**

### DISCOUNTS AND BENEFITS SECTION

Your discounts and benefits have been applied to your Total Annual  Policy Premium.

#### Vehicle Discounts

| | VEH 1<br>2014<br>SUBARU<br>FORESTE | VEH 2<br>2014<br>SUBARU<br>OUTBACK | VEH 3<br>2013<br>MINI CO<br>COOPER |
|---|---|---|---|
| Vehicle Safety Discount | • | • | |
| Anti-Theft Device Discount | • | • | • |
| RightTrack® Discount | • | • | |

AUTO 4312 03 18       **THIS IS NOT YOUR AUTO INSURANCE BILL.** YOU WILL BE BILLED SEPARATELY.       Page 1 of 4

**Want to Add a Coverage?**
Call 1-800-225-8285 to talk to your agent about the availability of this coverage and whether it meets your needs.

**Policy Number:**
AOX-248-273775-70 8  O

**Report a Claim:**
1-800-2CLAIMS or LibertyMutual.com/claims



## DISCOUNTS AND BENEFITS SECTION  continued

### Policy Discounts

• Early Shopper Discount
• Accident Free Discount
• Multi-Policy Property Discount

• Paperless Policy Discount
• Homeowner Discount
• Multi-Policy Umbrella Discount

• Multi-Car Discount
• Violation Free Discount

### Policy Benefits

**Accident Forgiveness:** If you remain accident free and violation free, your policy may be eligible to earn Forgiveness in 3 Year(s).

# Coverage Information

Your total annual policy premium for all covered vehicles is shown below. A premium is shown for each type of coverage you have purchased for each vehicle. **Where no premium is shown, you have not purchased the indicated coverage for that vehicle.**

| COVERAGE | LIMITS | | PREMIUM PER VEHICLE | | |
|---|---|---|---|---|---|
| | | | VEH 1 2014 SUBARU FORESTE | VEH 2 2014 SUBARU OUTBACK | VEH 3 2013 MINI CO COOPER |
| **A. Liability** | | | | | |
| Bodily Injury | $ | 250,000 Each Person | $141 | $137 | $141 |
| | $ | 500,000 Each Accident | | | |
| Property Damage | $ | 50,000 Each Accident | $144 | $140 | $108 |
| **C. Uninsured Motorists** | | | | | |
| Uninsured Motorists | $ | 250,000 Each Person | $19 | $21 | $35 |
| Bodily Injury | $ | 500,000 Each Accident | | | |
| Property Damage | $ | 25,000 Each Accident | $5 | $5 | $5 |
| Property Damage Deductible: | | | | | |
| Veh 1: $300 | Veh 2: $300 | | | | |
| Veh 3: $300 | | | | | |
| Underinsured Motorists | $ | 250,000 Each Person | $46 | $53 | $86 |
| Bodily Injury | $ | 500,000 Each Accident | | | |
| **D. Coverage for Damage to Your Auto** | | | | | |
| **Collision** | | | $196 | $208 | $318 |
| Actual Cash Value Less Deductible Shown | | | | | |
| Veh 1 $500 | Veh 2 $500 | | | | |
| Veh 3 $500 | | | | | |
| **Other Than Collision** | | | $57 | $71 | $79 |

**Want to Add a Coverage?**
Call 1-800-225-8285 to talk to your agent about the availability of this coverage and whether it meets your needs.

**Policy Number:**
AOX-248-273775-70 8  0

**Report a Claim:**
1-800-2CLAIMS or LibertyMutual.com/claims


Liberty Mutual INSURANCE

## Coverage Information continued

| COVERAGE | LIMITS | PREMIUM PER VEHICLE | | |
|---|---|---|---|---|
| | | VEH 1 2014 SUBARU FORESTE | VEH 2 2014 SUBARU OUTBACK | VEH 3 2013 MINI CO COOPER |
| **D. Coverage for Damage to Your Auto** *(continued)* | | | | |
| Actual Cash Value Less Deductible Shown Veh 1 $500        Veh 2 $500 Veh 3 $500 | | | | |
| **Optional Coverages** | | | | |
| Towing And Labor Cost Each Disablement Veh 1 $50        Veh 2 $50 Veh 3 $50 | | $4 | $4 | $6 |
| **Annual Premium Per Vehicle:** | | **$612** | **$639** | **$778** |

**Total Annual Policy Premium:** $2,029.00

**Additional Coverages and Products Available***

**We've reviewed your policy and have identified additional optional coverages and products that can add valuable protection. Talk to your agent about purchasing the following coverages and products and whether they meet your needs.**

- **Deductible Fund™:** The last thing you want to think about after an accident is your deductible. We'll lower your collision deductible on every car on your policy by $100 each year you keep the fund.

- **Better Car Replacement™:** Totaling your car hurts. We'll make it feel a little better. If your car is totaled, we'll give you the money for a car that's one model year newer with 15,000 fewer miles on it.

- **Rental Car Reimbursement:** An accident shouldn't slow you down. We'll pay your rental costs for as long  as it takes to fix your car when you repair it at one of our Guaranteed Repair Network shops.

*These optional coverages are subject to policy provisions, limitations, and exclusions. Daily limits or  a deductible may apply. For a complete explanation, please consult your agent today.

**Additional Information for Vehicles Covered by Your Policy**

| Loss Payee(s) | Month/Year Expires |
|---|---|
| VEH 2: CITIZENS STATE BANK | 11/2018 |



**Questions about your Policy?**
Call 1-800-225-8285

**Policy Number:**
AOX-248-273775-70 8  0

**Report a Claim:**
1-800-2CLAIMS or
LibertyMutual.com/claims

---

**Policy Forms and Endorsements:** The following forms and endorsements are applicable to your policy.

Amendment of Policy Provisions - Indiana
AS3854 10 16

Automobile Amendatory Endorsement  AS3707 10 16

Uninsured Motorists Coverage - Indiana
AS3853 10 16

Underinsured Motorists Coverage - Indiana
AS3852 10 16

Amendment of Policy Definitions AS2344 04 08

Coverage For Damage To Your Auto Exclusion
Endorsement PP 13 01 12 99

Towing and Labor Coverage AS2208 09 16

Liability Coverage Exclusion Endorsement
PP 03 26 06 94

Mold Exclusion Endorsement  AS3708 08 11

Automatic Termination Endorsement AS1046 12 89

Loss Payable Clause PP 03 05 08 86

LibertyGuard Auto Policy Declarations provided and underwritten by Consolidated Insurance Company (a stock insurance company), Boston, MA.

_____
President

_____
Secretary

This policy, including endorsements listed above,
is countersigned by:

_____
Authorized Representative

---



Auto Policy

# LibertyGuard Auto Policy

Please read your policy and each endorsement carefully.

**To serve you best…**

Liberty Mutual has over 350 service offices throughout the United States.
Please contact your service office shown on your Declarations
Page to report losses, or for any changes or questions about your insurance.
Payments should be sent to the office indicated on your bill.

**THIS POLICY IS NONASSESSABLE**

Liberty Mutual Insurance Group

AUTO 4218 08 11

# LIBERTYGUARD AUTO POLICY

## QUICK REFERENCE

### DECLARATIONS PAGE

Your Name and Address
Your Auto or Trailer
Policy Period
Coverages and Amounts of Insurance

| | Beginning On Page |
|---|---|
| Agreement | 1 |
| Definitions | 1 |

**PART A - LIABILITY COVERAGE**

| | |
|---|---|
| Insuring Agreement | 2 |
| Supplementary Payments | 2 |
| Exclusions | 3 |
| Limit of Liability | 4 |
| Out of State Coverage | 4 |
| Financial Responsibility | 4 |
| Other Insurance | 4 |

**PART B - MEDICAL PAYMENTS COVERAGE**

| | |
|---|---|
| Insuring Agreement | 4 |
| Exclusions | 4 |
| Limit of Liability | 5 |
| Other Insurance | 5 |

**PART C - UNINSURED MOTORISTS COVERAGE**

| | |
|---|---|
| Insuring Agreement | 5 |
| Exclusions | 6 |
| Limit of Liability | 6 |
| Other Insurance | 6 |
| Arbitration | 7 |

**PART D - COVERAGE FOR DAMAGE TO YOUR AUTO**

| | |
|---|---|
| Insuring Agreement | 7 |
| Transportation Expenses | 8 |
| Exclusions | 8 |
| Limit of Liability | 9 |
| Payment of Loss | 10 |
| No Benefit to Bailee | 10 |
| Other Sources of Recovery | 10 |
| Appraisal | 10 |

**PART E - DUTIES AFTER AN ACCIDENT OR LOSS** . . . . . . . . . . . . . 10

**PART F - GENERAL PROVISIONS**

| | |
|---|---|
| Bankruptcy | 11 |
| Changes | 11 |
| Fraud | 11 |
| Legal Action Against Us | 11 |
| Our Right To Recover Payment | 11 |
| Policy Period And Territory | 11 |
| Termination | 11 |
| Transfer Of Your Interest In This Policy | 12 |
| Two Or More Auto Policies | 12 |

**\*MUTUAL POLICY CONDITIONS** . . . . . . . . . . . . . . . . . . . . 13

\*These conditions apply only if Liberty Mutual Fire Insurance Company is shown in the Declarations as the insurer.



## AUTO POLICY

### AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

### DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

   **1.** The "named insured" shown in the Declarations; and

   **2.** The spouse if a resident of the same household.

If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:

   **1.** The end of 90 days following the spouse's change of residency;

   **2.** The effective date of another policy listing the spouse as a named insured; or

   **3.** The end of the policy period.

**B.** "We", "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

   **1.** Under a written agreement to that person; and

   **2.** For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks when used.

**D.** "Bodily injury" means bodily harm, sickness or disease, including death that results.

**E.** "Business" includes trade, profession or occupation.

**F.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

**G.** "Occupying" means in, upon, getting in, on, out or off.

**H.** "Property damage" means physical injury to, destruction of or loss of use of tangible property.

**I.** "Trailer" means a vehicle designed to be pulled by a:

   **1.** Private passenger auto; or

   **2.** Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in **1.** or **2.** above.

**J.** "Your covered auto" means:

   **1.** Any vehicle shown in the Declarations.

   **2.** A "newly acquired auto".

   **3.** Any "trailer" you own.

   **4.** Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

     **a.** Breakdown;

     **b.** Repair;

     **c.** Servicing;

     **d.** Loss; or

     **e.** Destruction.

   This Provision **(J.4.)** does not apply to Coverage For Damage To Your Auto.

**K.** "Newly acquired auto":

   **1.** "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

     **a.** A private passenger auto; or

     **b.** A pickup or van, for which no other insurance policy provides coverage, that:

       **(1)** Has a Gross Vehicle Weight of less than 10,000 lbs.; and

       **(2)** Is not used for the delivery or transportation of goods and materials unless such use is:

         **(a)** Incidental to your "business" of installing, maintaining or repairing furnishings or equipment; or

         **(b)** For farming or ranching.

   **2.** Coverage for a "newly acquired auto" is provided as described below. If you ask us to insure a "newly acquired auto" after a specified time period described below has elapsed, any coverage we provide for a "newly acquired auto" will begin at the time you request the coverage.

     **a.** For any coverage provided in this policy except Coverage For Damage To Your Auto, a "newly acquired auto" will have the broadest coverage we now provide for any vehicle shown in the Declarations. Coverage begin on the date you become the owner.



However, for this coverage to apply to a "newly acquired auto" which is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 14 days after you become the owner.

If a "newly acquired auto" replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without your having to ask us to insure it.

**b.** Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

**(1)** 14 days after you become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

**(2)** Four days after you become the owner if the Declarations do not

indicate that Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the "newly acquired auto", a Collision deductible of $500 will apply.

**c.** Other Than Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

**(1)** 14 days after you become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

**(2)** Four days after you become the owner if the Declarations do not indicate that Other Than Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the "newly acquired auto", an Other Than Collision deductible of $500 will apply.

## PART A - LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

**B.** "Insured" as used in this Part means:

**1.** You or any "family member" for the ownership, maintenance or use of any auto or "trailer".

**2.** Any person using "your covered auto".

**3.** For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

**4.** For any auto or "trailer", other than "your

covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Provision **(B.4.)** applies only if the person or organization does not own or hire the auto or "trailer".

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an "insured":

**1.** Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.

**2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

**3.** Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgement which does not exceed our limit of liability for this coverage.

**4.** Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.



**5.** Other reasonable expenses incurred at our request.

## EXCLUSIONS

**A.** We do not provide Liability Coverage for any "insured":

**1.** Who intentionally causes "bodily injury" or "property damage".

**2.** For "property damage" to property owned or being transported by that "insured".

**3.** For "property damage" to property:

**a.** Rented to;

**b.** Used by; or

**c.** In the care of;

that "insured".

This Exclusion **(A.3.)** does not apply to "property damage" to a residence or private garage.

**4.** For "bodily injury" to an employee of that "insured" during the course of employment. This Exclusion **(A.4.)** does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

**5.** For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This Exclusion **(A.5.)** does not apply to a share-the-expense car pool.

**6.** While employed or otherwise engaged in the "business" of:

**a.** Selling;

**b.** Repairing;

**c.** Servicing;

**d.** Storing; or

**e.** Parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion **(A.6.)** does not apply to the ownership, maintenance or use of "your covered auto" by:

**a.** You;

**b.** Any "family member"; or

**c.** Any partner, agent or employee of you or any "family member".

**7.** Maintaining or using any vehicle while that "insured" is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion **A.6.**

This Exclusion **(A.7.)** does not apply to the maintenance or use of a:

**a.** Private passenger auto;

**b.** Pickup or van; or

**c.** "Trailer" used with a vehicle described in **a.** or **b.** above.

**8.** Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion **(A.8.)** does not apply to a "family member" using "your covered auto" which is owned by you.

**9.** For "bodily injury" or "property damage" for which that "insured":

**a.** Is an insured under a nuclear energy liability policy; or

**b.** Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

**a.** Nuclear Energy Liability Insurance Association;

**b.** Mutual Atomic Energy Liability Underwriters; or

**c.** Nuclear Insurance Association of Canada.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

**1.** Any vehicle which:

**a.** Has fewer than four wheels; or

**b.** Is designed mainly for use off public roads.

This Exclusion **(B.1.)** does not apply:

**a.** While such vehicle is being used by an "insured" in a medical emergency;

**b.** To any "trailer"; or

**c.** To any non-owned golf cart.

**2.** Any vehicle, other than "your covered auto", which is:

**a.** Owned by you; or

**b.** Furnished or available for your regular use.

**3.** Any vehicle, other than "your covered auto", which is:

**a.** Owned by any "family member"; or

**b.** Furnished or available for the regular use of any "family member".

However, this Exclusion **(B.3.)** does not apply to you while you are maintaining or "occupying" any vehicle which is:

**a.** Owned by a "family member"; or

**b.** Furnished or available for the regular use of a "family member".

**4.** Any vehicle, located inside a facility designed for racing, for the purpose of:

**a.** Competing in; or



**b.** Practicing or preparing for;

any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **B** or Part **C** of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy .

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

## PART B - MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay reasonable expenses incurred for necessary medical and funeral services because of "bodily injury":
1. Caused by accident; and
2. Sustained by an "insured".
We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

**B.** "Insured" as used in this Part means:
1. You or any "family member":
   **a.** While "occupying"; or
   **b.** As a pedestrian when struck by;
   a motor vehicle designed for use mainly on public roads or a trailer of any type.
2. Any other person while "occupying" "your covered auto".

### EXCLUSIONS

We do not provide Medical Payments Coverage for any "insured" for "bodily injury":
   1. Sustained while "occupying" any motorized vehicle having fewer than four wheels.
2. Sustained while "occupying" "your covered auto" when it is being used as a public or livery conveyance. This Exclusion **(2.)** does not apply to a share-the-expense car pool.
3. Sustained while "occupying" any vehicle located for use as a residence or premises.
4. Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury".
5. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:
   **a.** Owned by you; or
   **b.** Furnished or available for your regular use.
6. Sustained while "occupying", or when



struck by, any vehicle (other than "your covered auto") which is:

**a.** Owned by any "family member"; or

**b.** Furnished or available for the regular use of any "family member".

However, this Exclusion **(6.)** does not apply to you.

7. Sustained while "occupying" a vehicle without a reasonable belief that that "insured" is entitled to do so, This Exclusion **(7.)** does not apply to a "family member" using "your covered auto" which is owned by you.

8. Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured". This Exclusion **(8.)** does not apply to "bodily injury" sustained while "occupying" a:

   **a.** Private passenger auto;

   **b.** Pickup or van that you own; or

   **c.** "Trailer" used with a vehicle described in **a.** or **b.** above.

9. Caused by or as a consequence of:

   **a.** Discharge of a nuclear weapon (even if accidental);

   **b.** War (declared or undeclared);

   **c.** Civil war;

   **d.** Insurrection; or

   **e.** Rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

   **a.** Nuclear reaction;

   **b.** Radiation; or

   **c.** Radioactive contamination.

11. Sustained while "occupying" any vehicle located inside a facility designed for racing, for the purpose of:

   **a.** Competing in; or

   **b.** Practicing or preparing for;

   any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. "Insureds";

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

   1. Part **A** or Part **C** of this policy; or

   2. Any Underinsured Motorists Coverage provided by this policy.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

---

## PART C - UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

   1. Sustained by an "insured"; and

   2. Caused by an accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

   Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

**B.** "Insured" as used in this Part means:

   1. You or any "family member".

   2. Any other person "occupying" "your covered auto".

   3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.** "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

   1. To which no bodily injury liability bond or policy applies at the time of the accident.

   2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.



3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
   a. You or any "family member";
   b. A vehicle which you or any "family member" are "occupying"; or
   c. "Your covered auto".

4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. Denies coverage; or
   b. Is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any "family member".

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

### EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:

1. By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By any "family member" while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any "insured":

1. If that "insured" or the legal representative settles the "bodily injury" claim without our consent.

2. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This Exclusion **(B.2.)** does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that "insured" is entitled to do so This Exclusion **(B.3.)** does not applY to a "family member" using "your

covered auto" which is owned by you

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or
2. Disability benefits law.

D. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

### LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A.** or Part **B.** of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or
2. Disability benefits law.

### OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under



any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis.

3. If the coverage under this policy is provided:
   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If we and an "insured" do not agree:
   1. Whether that "insured" is legally entitled to recover damages; or
   2. As to the amount of damages which are recoverable by that "insured";
   from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:
   1. Pay the expenses it incurs; and
   2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will he binding as to:
   1. Whether the "insured" is legally entitled to recover damages; and
   2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must he made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

---

## PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto", including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one "your covered auto" or "non-owned auto" results from the same "collision", only the highest applicable deductible will apply. We will pay for loss to "your covered auto" caused by:
   1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
   2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.
   If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

B. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.

Loss caused by the following is considered other than "collision":
   1. Missiles or falling objects;
   2. Fire;
   3. Theft or larceny;
   4. Explosion or earthquake;
   5. Windstorm;
   6. Hail, water or flood;
   7. Malicious mischief or vandalism;
   8. Riot or civil commotion;
   9. Contact with bird or animal; or
   10. Breakage of glass.
   If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".

C. "Non-owned auto" means:
   1. Any private passenger auto, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "family member" while in the custody of or being operated by you or any "family member"; or



2. Any auto or "trailer" you do not own while used as a temporary substitute for "your covered auto" which is out of normal use because of its:
   a. Breakdown:
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

**TRANSPORTATION EXPENSES**

A. In addition, we will pay, without application of a deductible, up to a maximum of $600 for:

1. Temporary transportation expenses not exceeding $20 per day incurred by you in the event of a loss to "your covered auto". We will pay for such expenses if the loss is caused by:
   a. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
   b. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

2. Expenses for which you become legally responsible in the event of loss to a "non-owned auto". We will pay for such expenses if the loss is caused by:
   a. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for any "your covered auto".
   b. "Collision" only if the Declarations indicate that Collision Coverage is provided for any "your covered auto".

   However, the most we will pay for any expenses for loss of use is $20 per day.

B. The loss is caused by:
1. A total theft of "your covered auto" or a "non-owned auto", we will pay only expenses incurred during the period:
   a. Beginning 48 hours after the theft; and
   b. Ending when "your covered auto" or the "non-owned auto" is returned to use or we pay for its loss.
2. Other than theft of a "your covered auto" or a "non-owned auto", we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

C. Our payment will be limited to that period of time reasonably required to repair or replace the "your covered auto" or the "non-owned auto".

**EXCLUSIONS**

We will not pay for:

1. Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used as a public or livery conveyance. This Exclusion (1.) does not apply to a share-the-expense car pool.

2. Damage due and confined to:
   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.

   This Exclusion (2.) does not apply if the damage results from the total theft of "your covered auto" or any "non-owned auto".

3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.

4. Loss to any electronic equipment designed for the reproduction of sound and any accessories used with such equipment. This includes but is not limited to:
   a. Radios and stereos;
   b. Tape decks; or
   c. Compact disc player

   This Exclusion (4.) does not apply to equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:

   a. The equipment is permanently installed in "your covered auto" or any "non-owned auto"; or

   b. The equipment is:
      (1) Removable from a housing unit which is permanently installed in the auto;
      (2) Designed to be solely operated by use of the power from the auto's electrical system; and
      (3) In or upon "your covered auto" or any "non-owned auto" at the time of loss.

5. Loss to any electronic equipment that receives or transmits audio, visual or data signals and any accessories used with such equipment. This includes but is not limited to:



**a.** Citizens band radios;
**b.** Telephones;
**c.** Two-way mobile radios;
**d.** Scanning monitor receivers;
**e.** Television monitor receivers;
**f.** Video cassette recorders;
**g.** Audio cassette recorders; or
**h.** Personal computers.

This Exclusion **(5.)** does not apply to:

**a.** Any electronic equipment that is necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

**b.** A permanently installed telephone designed to be operated by use of the power from the auto's electrical system and any accessories used with the telephone.

6. Loss to tapes, records, discs or other media used with equipment described in Exclusions **4.** and **5.**

7. A total loss to "your covered auto" or any "non-owned auto" due to destruction or confiscation by governmental or civil authorities.

This Exclusion **(7.)** does not apply to the interests of Loss Payees in "your covered auto".

8. Loss to:

**a.** A "trailer", camper body, or motor home, which is not shown in the Declarations; or

**b.** Facilities or equipment used with such "trailer", camper body or motor home. Facilities or equipment include but are not limited to:

**(1)** Cooking, dining, plumbing or refrigeration facilities;

**(2)** Awnings or cabanas; or

**(3)** Any other facilities or equipment used with a "trailer", camper body, or motor home.

This Exclusion **(8.)** does not apply to a:

**a.** "Trailer", and its facilities or equipment, which you do not own; or

**b.** "Trailer", camper body, or the facilities or equipment in or attached to the "trailer" or camper body, which you:

**(1)** Acquire during the policy period; and

**(2)** Ask us to insure within 14 days after you become the owner.

9. Loss to any "non-owned auto" when used by you or any "family member" without a reasonable belief that you or that "family member" are entitled to do so.

10. Loss to equipment designed or used for the detection or location of radar or laser.

11. Loss to any custom furnishings o r equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:

**a.** Special carpeting or insulation;

**b.** Furniture or bars;

**c.** Height-extending roofs; or

**d.** Custom murals, paintings or other decals or graphics.

This Exclusion **(11.)** does not apply to a cap, cover or bedliner in or upon any "your covered auto" which is a pickup.

12. Loss to any "non-owned auto" being maintained or used by any person whil e employed or otherwise engaged in the "business" of:

**a.** Selling;

**b.** Repairing;

**c.** Servicing;

**d.** Storing; or

**e.** Parking;

vehicles designed for use on public highways. This includes road testing and delivery.

13. Loss to "your covered auto" or any "non-owned auto", located inside a facility designed for racing, for the purpose of:

**a.** Competing in; or

**b.** Practicing or preparing for;

any prearranged or organized racing or speed contest.

14. Loss to, or loss of use of, a "non-owned auto" rented by:

**a.** You; or

**b.** Any "family member";

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that "family member", pursuant to the provisions of any applicable rental agreement or state law.

**LIMIT OF LIABILITY**

**A.** Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property with other property of like kind and quality.

However, the most we will pay for loss to:



1. Any "non-owned auto" which is a trailer is $500.
2. Equipment designed solely for the reproduction of sound, including any accessories used with such equipment, which is installed in locations not used by the auto manufacturer for installation of such equipment or accessories, is $1,000.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

C. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or
2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

### OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the "non-owned auto";
2. Any other applicable physical damage insurance;
3. Any other source of recovery applicable to the loss.

### APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

## PART E - DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:
1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
3. Submit, as often as we reasonably require:
   a. To physical exams by physicians we select. We will pay for these exams.
   b. To examination under oath and subscribe the same.
4. Authorize us to obtain:

   a. Medical reports; and
   b. Other pertinent records.
5. Submit a proof of loss when required by us.

C. A person seeking Uninsured Motorists Coverage must also:
1. Promptly notify the police if a hit-and-run driver is involved.
2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage For Damage To Your Auto must also:
1. Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.
2. Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.
3. Permit us to inspect and appraise the damaged property before its repair or disposal.



## PART F - GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the "insured" shall not relieve us of any obligations under this policy.

### CHANGES

**A.** This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

  **1.** The number, type or use classification of insured vehicles;

  **2.** Operators using insured vehicles;

  **3.** The place of principal garaging of insured vehicles;

  **4.** Coverage, deductible or limits.

If a change resulting from **A.** or **B.** requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This Paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

  **1.** A subsequent edition of your policy; or

  **2.** An Amendatory Endorsement.

### FRAUD

We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

### LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

  **1.** We agree in writing that the "insured" has an obligation to pay; or

  **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the liability of an "insured".

### OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

  **1.** Whatever is necessary to enable us to exercise our rights; and

  **2.** Nothing after loss to prejudice them.

However, our rights in this Paragraph **(A.)** do not apply under Part **D**, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

  **1.** Hold in trust for us the proceeds of the recovery; and

  **2.** Reimburse us to the extent of our payment.

### POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

  **1.** During the policy period as shown in The Declarations; and

  **2.** Within the policy territory.

**B.** The policy territory is:

  **1.** The United States of America, its territories or possessions;

  **2.** Puerto Rico; or

  **3.** Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

### TERMINATION

#### A. Cancellation

This policy may be cancelled during the policy period as follows:

  **1.** The named insured shown in the Declarations may cancel by:

    **a.** Returning this policy to us; or

    **b.** Giving us advance written notice of the date cancellation is to take effect.

  **2.** We may cancel by mailing to the named



insured shown in the Declarations at the address shown in this policy:

  **a.** At least 10 days notice:

    **(1)** If cancellation is for nonpayment of premium; or

    **(2)** If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

  **b.** At least 20 days notice in all other cases.

**3.** After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

  **a.** For nonpayment of premium; or

  **b.** If your driver's license or that of:

    **(1)** Any driver who lives with you; or

    **(2)** Any driver who customarily uses "your covered auto";

  has been suspended or revoked. This must have occurred:

    **(1)** During the policy period; or

    **(2)** Since the last anniversary of the original effective date if the policy period is other than 1 year; or

  **c.** If the policy was obtained through material misrepresentation.

**B.** **Nonrenewal**

If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

**1.** Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

**2.** 6 months or longer, but less than one year, we will have the right not to renew or continue this policy at the end of the policy period.

**3.** 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

**C.** **Automatic Termination**

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer. If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D.** **Other Termination Provisions**

**1.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

**2.** If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

**3.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

**1.** The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

**2.** The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.



**\*MUTUAL POLICY CONDITIONS**

You are a member of the Liberty Mutual Fire Insurance Company while this policy is in force. Membership entitles you to vote in person or by  proxy at meetings of the company. The Annual Meeting is in Boston, Massachusetts, on the second Wednesday in April each year at 11 o'clock   in the morning.

Also, as a member, you will receive any dividends declared on this policy by the Directors.

This policy is classified in Dividend Class IV-Automobile.

This policy has been signed by our President and  Secretary at Boston, Massachusetts, and countersigned on the Declarations Page by an authorized representative.

\*These conditions apply only if Liberty Mutual Fire Insurance Company is shown in the   Declarations as the Insurer.

**SECRETARY**

**PRESIDENT**

Includes copyrighted material of Insurance Services Office, with its permission.
Copyright, Insurance Services Office, Inc., 1997



## Notice of Privacy Policy

Liberty Mutual* values you as a customer and takes your personal privacy seriously.  When you request a rate quotation, apply for insurance, request changes to your insurance policy or submit a claim, you disclose information about yourself or members of your family.  This notice tells you how we treat the information we collect about you.

### 1.  INFORMATION WE MAY COLLECT

We collect information about you from:

- Applications or other forms you complete, and information you provide to us over the telephone;
- Your business dealings with us and other companies;
- Your employer or association for Liberty Mutual Group products;
- Consumer reporting agencies, Motor Vehicle Departments, inspection services and medical providers; and
- Visits to our Liberty Mutual website.

### 2.  TYPES OF INFORMATION WE MAY DISCLOSE

We may disclose the following about you:

- Information from your application or other forms, such as your name, date of birth, address, social security number, vehicle and driver information;
- Information about your transactions with us, our affiliates or others, such as your insurance coverages, payment history, and certain claims information; and
- Information we receive from third parties, such as your motor vehicle records and claims history.

### 3.  TO WHOM INFORMATION MAY BE DISCLOSED

We do not disclose personal information about you to anyone unless allowed by law.  We are allowed by law to provide information to:

- A third party that performs services for us, such as claims investigations, medical examinations, inspections, and appraisals or for roadside assistance or the repair of your vehicle if you have a claim;
- Our affiliated companies and reinsurers;
- Insurance regulators and reporting agencies;
- Consumer reporting agencies to obtain loss history information, motor vehicle reports, or credit report information where permitted by law;
- State Motor Vehicle Departments to obtain a report of any accidents or convictions or to confirm your compliance with compulsory motor vehicle liability insurance laws;
- Law enforcement agencies or other government authorities to report suspected illegal activities;
- A person or organization conducting insurance actuarial, or research studies;
- Companies that provide marketing services on our behalf, or as part of a joint marketing agreement with banks, credit unions, and affinity partners, or providers of annuity and financial products and services offered through us to our customers; and
- As otherwise permitted by law.

### 4.  HOW WE PROTECT INFORMATION

We maintain physical, electronic, and procedural safeguards to protect your nonpublic personal information.  These safeguards comply with applicable laws.  We retain your information for as long as required by law or regulation.  The only employees or agents who have access to your information are those who must have it to provide products or services to you.  We do not sell your information to mass marketing or telemarketing companies. Any information we share with third parties, such as those organizations which perform a service for us or market our products, is subject to appropriate confidentiality protections and may be used only for the purposes intended.

*This privacy notice is provided on behalf of the following Liberty Mutual companies and affiliates that provide personal automobile, homeowners, life insurance and annuities: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation, Liberty Insurance Company of America, Liberty Northwest Insurance Corporation, Liberty Life Assurance Company of Boston, Liberty County Mutual Insurance Company (Texas only), Liberty Lloyds of Texas Insurance Company, LM Property and Casualty Insurance Company, Liberty Mutual Personal Insurance Company, Liberty Personal Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company, LM General Insurance Company, American States Preferred Insurance Company, Consolidated Insurance Company, Wausau General Insurance Company, Wausau Underwriters Insurance Company, Wausau Business Insurance Company and Montgomery Mutual Insurance Company.



## Choose The Payment Option That Works For You

We are committed to making billing easy and hassle free. That is why we offer a selection of billing and payment options to choose from.

### PAYMENT OPTIONS

- **Electronic Funds Transfer (EFT).** Save time and money with our convenient EFT option. Once you enroll, your insurance payment will be withdrawn directly from your checking/savings account. A charge may be applied to each installment unless paid in full, although installment fees will be lower than for other payments options. As a convenience, we will make every attempt to issue any refunds due to your bank account from which the payment was received. Sign up by visiting <u>LibertyMutual.com/register</u> or if you already have an eService account, simply login.

- **Recurring Credit Card\*.** Save time with our recurring credit card option. Once you enroll, your insurance payment will be charged directly to your credit card. As a convenience, we will make every attempt to issue any refunds due to your credit card from which the payment was received. We accept all major credit cards including American Express, Visa, MasterCard and Discover. A charge will be applied to each installment unless paid in full. Sign up by visiting <u>LibertyMutual.com/register</u> or if you already have an eService account, simply login .

- **Online.** Pay your bill online with eService at <u>LibertyMutual.com/register</u>. Click to register, or if you already have an eService account, simply login. A charge may be applied to each installment unless paid in full.

- **Direct Bill.** Choose a billing frequency (i.e. Monthly, Quarterly, Pay in Full , Pay in Two and Bi-Monthly) that is right for you and receive paper bills by mail. A charge will be applied to each installment unless paid in full.

   **\*This option is available for most policy types.**

### REFUNDS

In most states and in most situations, any refunds owed will automatically be refunded in the same method your last payment was received. For example, if the last payment you made was with a credit card, we will apply your refund back to your credit card. We will refund electronic check payments back to your checking account instead of mailing you a check. Electronic check payments include:

- Check payments processed online at LibertyMutual.com
- A Liberty Mutual Service Rep initiated one-time check or EFT payment

However, we will typically mail a refund check in the following situations:

- The refund amount is greater than the last single payment amount received
- Your bank rejects an electronic refund
- Your credit card company rejects an electronic refund

### FEES

- An installment charge may be applied to the outstanding account balance if there is a current installment amount due depending on the payment option chosen.  You can avoid future installment charges by paying the Account Balance in full or you may save on future installment charges by enrolling in Electronic Funds Transfer (EFT) payment option.

- If we receive your payment after the due date, you may be charged a late fee of up to $15.00. Late payments may affect your future premiums, your coverage or continuation of your policy.

- **A returned payment fee** may be charged for any payment not accepted by your financial institution.

If you have any questions please contact  us at 1-800-225-8285 and a representative will be happy to assist you.

Thank you for insuring with Liberty Mutual.  We appreciate your business.



## Important Information

We value your business and take pride in offering you excellent products with personal service.  For questions about your policy, for assistance with a problem, or to report a claim, you should contact Liberty Mutual immediately.

**Questions regarding your policy or coverage should be directed to:**

**Company Name:** Consolidated Insurance Company
**Service:** 1-800-225-8285
**Claims:** 1-800-2CLAIMS (1-800-225-2467)

If you need the assistance of the governmental agency that regulates insurance or have a complaint you have been unable to resolve you may contact the Department of Insurance by mail, telephone or email:

State of Indiana Department of Insurance
Consumer Services Division
311 West Washington Street, Suite 300
Indianapolis, Indiana  46204

Consumer Hotline: (800) 622-4461; (317) 232-2395

Complaints can be filed electronically at www.in.gov/idoi

AUTO 3153 R2



## Information about Policy Rate Determination

Thank you for trusting Liberty Mutual Insurance to protect the things you value most. We want to provide you with the right coverage at the right price.

Since you purchased your policy, new rating features may have become available, and we want to make sure you take advantage of them. We also want to make sure we have the most up to date information about you, your family, your vehicles and your home to ensure you have the right coverage at the right price.

When determining your rate, we may consider many factors, such as your credit history, claims history, and household risk characteristics. For example, you may be eligible for certain safety discounts if your vehicle includes features such as adaptive cruise control, lane departure warning, and collision preparation systems. Or, you may qualify for a discounted homeowners insurance rate if you have a newly installed roof or connected home devices. If your community recently added new fire stations or moved fire hydrants close to your home, that may also reduce your rate. An improved credit history could also lead to additional savings.

**You may request that Liberty Mutual re-evaluate your current insurance rate with your most recent information, including your credit history, before your policy expires on  08/24/2019.**

Policy rate re-evaluation is limited to one request per twelve month period, or as otherwise permitted by law, and it may not result in a quoted premium lower than your current one. If you would like your policy re-evaluated, please call us at 1-844-316-4423 and someone from our team will be happy to help you.

Discounts, credits and benefits are available where state laws and regulations allow and may vary by state. Please contact your insurance representative for additional details.



**Disclosure to Liberty Mutual Policyholders Regarding Medical Payments**

In most states, including those listed below, Liberty Mutual will pay or reimburse a Medical Provider's charge for medical treatment, medical service, medication or prosthesis covered by the Medical Payments or Personal Injury Protection coverage provided by your auto policy by paying (subject to applicable policy limits) the lowest of (a) the billed charge, (b) the 80th percentile charge indicated by the FAIRHealth medical-charge database for similar services in the same geographic area, (c) the amount authorized by a state mandated fee schedule or by another applicable law or regulation, or (d) the amount authorized by a written preferred-provider network or organization agreement to which the Medical Provider is a party.  Liberty Mutual pays claims in this manner to comply with state regulations and policy language and to conserve insureds' limited PIP and MedPay benefits.

This disclosure applies to personal auto policies issued in Alabama, Alaska, Arizona,  Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa,  Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri,  Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South  Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and Wyoming.

"Liberty Mutual" means the insurance company issuing your auto policy and includes Liberty  Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance  Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas  Insurance Company, LM General Insurance Company,  and LM Personal Insurance Company.

"Medical Provider" means any hospital, clinic, pharmacy, physician, physician's assistant,  chiropractor, nurse, nurse practitioner, emergency medical technician, and/or any other person or entity who  claims or claimed a right to payment for providing medical treatment, medical services, medication,  or prosthesis for an injury covered by the Medical Payments or Personal Injury Protection  coverage provided by your auto policy.



# Policy Declarations
## A summary of your Personal Liability Protection coverage

Welcome. Thank you for insuring with us. Here is your new Personal Liability Protection policy summary, which is **effective as of 08/24/2017** .

INSURANCE INFORMATION

**Named Insured**
Charles Sparks
Dana Sparks

**Policy Number**
LJ1-248-014041-70

**Mailing Address**
8511 Royal Mews Ct
Indianapolis IN 46237-9275

**Policy Effective Date**
08/24/2017-08/24/2018 12:01AM
standard time at the address of the
Named Insured as stated in policy.

| Total 12 Month Policy Premium: | $388.00 |
|---|---|
| Your discounts have been applied. | |
| **THIS IS NOT YOUR PERSONAL LIABILITY PROTECTION INSURANCE BILL.** | |

We are pleased to offer you a Personal Liability Protection policy through your affiliation with Subaru of America.

**QUESTIONS ABOUT YOUR POLICY?**

**By phone**
For Service:
1-800-225-8285

**Liberty Mutual**
PO Box 970
Mishawaka IN 46546

**Visit us online**
LibertyMutual.com

**MANAGE YOUR ACCOUNT ONLINE**

**Sign up for eService**
LibertyMutual.com/eService

**To report a claim**
**By phone**
**1-800-2CLAIMS**
(1-800-225-2467)

## Coverage Information

| | LIMITS |
|---|---|
| Personal Liability | $2,000,000 Each Occurrence |

## Your Underlying Policies

| TYPES OF INSURANCE | INSURER | POLICY NUMBER |
|---|---|---|
| Auto | LIBERTY MUTUAL | AOX-248-273775-70 |
| Home | LIBERTY MUTUAL | H3X-248-202560-70 |

If any changes have been made to your underlying policies, please contact us to ensure proper coverage.

## Required Minimum Liability Limits for Underlying Policies

| Auto and Other Vehicles | | $ 250,000 Each Person |
|---|---|---|
| | | $ 500,000 Each Accident |
| | | $ 50,000 Property Damage |
| | Or | $ 500,000 Combined Single Limit |
| Home | | $ 100,000 Each Occurrence |
| Watercraft | | $ 100,000 Each Occurrence |

Your underlying policies for auto, home and watercraft must have a minimum of the above limits throughout the policy period.

## Exposure Information

| Vehicles (automobiles/ motorcycles) | 2 | Total residences (including primary, rental, seasonal, etc) | 1 |
|---|---|---|---|
| Recreational vehicles licensed for road use | None | Watercraft | None |
| Miscellaneous vehicles (not registered/licensed for road use) | None | Operators under age 25 | None |

Liability limits are subject to a retention of $250 on exposures not covered by underlying insurance.



## Discounts

**Your discounts have been applied to your total policy premium.**
- Multi-Policy

## Endorsements — Changes to your policy

- Liberty Guard Personal Liability Protection Policy  (PC 41 ED. 9-14)
- Membership in Liberty Mutual Holding Company Inc. (2340e)
- Amendment of Policy Provisions-IN  10/15 (PCE 69 Ed 1015)

LibertyGuard Personal Liability Protection Policy Declarations
Coverage provided and underwritten by  Liberty Mutual Insurance Company Boston, MA.

This policy, including endorsements listed above, is signed by:

**Mark C. Touhey**
Secretary

**David H. Long**
President

**Hamid Mirza**
Authorized Representative





# LibertyGuard
# Personal Liability Protection Policy

Please read all parts of your Policy carefully.

**To serve you best…**

Liberty Mutual has over 350 service offices throughout the United States and Canada. Please contact your service office shown on your Declarations Page to report any losses, or for any changes or questions about your insurance. Payments should be sent to the office indicated on your bill.

**THIS POLICY IS NON ASSESSABLE**



**PERSONAL LIABILITY PROTECTION POLICY**

| Table of Contents | **Page** |
|---|---|
| Agreement | 1 |
| **SECTION I** | |
| Definitions | 1-3 |
| **SECTION II** | |
| Coverage | 4 |
| Exclusions | 4-6 |
| **SECTION III** | |
| Defense Coverage, Assistance and Cooperation | 7 |
| **SECTION IV** | |
| Limit of Liability | 7 |
| **SECTION V** | |
| Conditions | 7 |
| Policy Period | 7 |
| Severability | 7 |
| Notice of Occurrence or Suit | 7 |
| Maintenance of Underlying Policies | 8 |
| Loss Payable - Other Insurance | 8 |
| Concealment or Fraud | 8 |
| Legal Action Against Us | 8 |
| Our Right to Recover Payment | 8 |
| Changes | 8 |
| Assignment | 9 |
| Examination Under Oath | 9 |
| Conformity | 9 |
| Termination | 9 |
| Mutual Policy Conditions | 10 |



## PERSONAL LIABILITY PROTECTION POLICY
## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

## I.  DEFINITIONS

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations, the spouse if a resident of the same household, or the partner in a civil union, registered domestic partnership or other similar union or partnership with the "named insured" shown in the Declarations, if a resident of the same household. With respect to civil unions, registered domestic partnerships or other similar unions, the above only applies if the civil union, registered domestic partnership or other similar union or partnership is validly entered into under the law of any state, territory or possession of the United States of America, any territory or province of Canada, or the equivalent of a state or province of any other country. "We," "us" and "our" refer to the Company providing this insurance. Certain other words and phrases are defined as follows:

1.  **"bodily injury"** means bodily harm, sickness or disease including resulting required care, loss of services and death.

2.  **"business property"** means:

    a.  all premises, other than **residence premises,** maintained or used for conducting **business pursuits** or providing **professional services**; and

    b.  that part of **residence premises** maintained or used for such purposes.

    We do not consider that premises become **"business property"** merely by:

    a.  the occasional rental or holding for rental of the **residence premises** if used only as a residence; or

    b.  the rental or holding for rental of:

        (1) a part of the **residence premises** for dwelling purposes for not more than three roomers or boarders;

        (2) not more than three car spaces or stalls in garages or stables;

        (3) a part of the **residence premises** as an office, school or studio;

        (4) any part of a one to four family dwelling other than the **residence premises**, if used only as a residence, to the extent that personal liability coverage is provided by an **underlying policy**; or

        (5) a condominium, cooperative, or apartment unit other than the **residence premises**, if used only as a residence, to the extent that personal liability coverage is provided by an **underlying policy**.

3.  **"business pursuits"** means any activities of a business, trade, occupation or profession except the providing of **professional services**.

    **"Business pursuits"** include **home day care enterprises.**

    **"Business pursuits"** does not include the following:

    a.  any non-paying volunteer service provided for a not for profit organization;

    b.  the occasional or part-time activities of an **insured** who is under 21 years of age; or

    c.  the occasional or part-time activities of an **insured** who is under 23 years of age if a full-time student.

    **"Business pursuits"** also does not include the following to the extent that personal liability coverage is provided by an **underlying policy**:

    a.  the act of renting or holding for rental of a premises as described in 2b(4) and 2b(5) by you to others if only used as a residence; or

    b.  forming a Limited Liability Company for the sole purpose of ownership, maintenance or use of private residential premises insured under this Personal Liability Protection policy, but only if **insureds** are the only managers or members of the Limited Liability Company.



4. **"home day care enterprise"** means that any **insured** regularly provides home day care services to a person or persons other than **insureds** and receives monetary or other compensation for such services. Mutual exchange of home day care services, however, is not considered compensation and is therefore not considered a **"home day care enterprise"**. The rendering of home day care services by an **insured** to a relative of an **insured** is not considered a **"home day care enterprise"**.

5. **"insured"** means you and the following:

   a. residents of your household, but only if:

      (1) related to you by blood or adoption;

      (2) related to you by marriage, civil union or registered domestic partnership or other similar union or partnership if validly entered into under the law of any state, territory or possession of the United States of America, any territory or province of Canada, or the equivalent of a state or province of any other country; or

      (3) under the age of 21 and in the care of anyone named above.

   b. any other person or organization, but only with respect to the legal responsibility for acts or omissions by you or a resident of your household as described in 5a(1), 5a(2) or 5a(3) while using a **motor vehicle** covered under this policy. However, an **"insured"** does not include the owner or lessor of a **motor vehicle** loaned to or hired for use by any **"insured"** or on any **"insured's"** behalf; or

   c. a personal trust, but only if personal liability coverage is provided by an **underlying policy** and only while you or a resident of your household as described under 5a(1), 5a(2) or 5a(3) maintains a legal interest in the trust, including but not limited to, trustee, trustor, administrator or beneficiary. A third party trustee, trustor, administrator or beneficiary is not an **insured**.

6. **"motor vehicle"** means:

   a. a private passenger automobile, pickup or van that has a gross vehicle weight of less than 10,000 lbs., motorcycle, moped or motor home designed for travel on public roads or subject to motor vehicle registration. Such a vehicle in dead storage is not a **"motor vehicle"**;

   b. a trailer designed to be pulled by a vehicle as described in 6a, designed for travel on public roads or subject to motor vehicle registration. A boat, camp, home or utility trailer not being towed by or carried on a vehicle included in 6a is not a **"motor vehicle"**;

   c. any other motorized land vehicle owned by any **insured** and designed for recreational use off public roads, while off the **residence premises** or on public roads. A motorized golf cart while used for golfing purposes is not a **"motor vehicle"**;

   d. a trailer designed to be pulled by a vehicle included in 6c. Such a trailer not being towed by or carried on a vehicle included in 6c is not a **"motor vehicle"**; or

   e. any vehicle while being towed by or carried on a vehicle or trailer included in 6a, 6b, 6c or 6d.

7. **"occurrence"** means:

   a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

      (1) **bodily injury**; or

      (2) **property damage**.

      Accidents, as defined in 7a, that are similar in nature are considered one single **"occurrence"**.

   b. an offense, committed during the policy period, which results in **personal injury**. Offenses that are similar in nature are considered one single **"occurrence"**.

8. **"personal injury"** means injury arising out of one or more of the following offenses, but only if the offense was committed during the policy period:

   a. false arrest, detention or imprisonment;

   b. malicious prosecution;



c.  the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.  oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e.  oral or written publication of material that violates a person's right of privacy.

9.  **"pollutants"** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Without limiting or expanding the term **"pollutants"** as used in this policy, **"pollutants"** includes, but is not limited to, home heating oil and other kinds of fuel or fuel products.  Waste includes materials to be recycled, reconditioned or reclaimed.

10. **"professional services"** means any services of a recognized profession.

11. **"property damage"** means:

a.  injury to or destruction of tangible property; or

b.  injury to intangible property sustained by an organization as the result of false eviction, malicious prosecution, libel, slander or defamation.

12. **"punitive or exemplary damages"** means damages which are awarded to punish or deter wrongful conduct, set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury**, **personal injury** or **property damage**.

13. **"recreational motor vehicle"** means:

a.  all-terrain vehicle;

b.  dune buggy;

c.  golf cart;

d.  snowmobile; or

e.  any other motorized land vehicle which is designed for recreational use off public roads.

14. **"residence premises"** means the one or two family dwellings, along with its structures and grounds, or that part of any other building where you reside.

15. **"retained limit"** means as to each **occurrence** to which this policy applies the sum of:

a.  all amounts payable under an **underlying policy**, if any, or which would be payable under such a policy but for breach of policy conditions; and

b.  all amounts payable under any other insurance available to the **insured**, or which would be payable under such a policy in the absence of this policy.

If neither 15a nor 15b applies, **"retained limit"** means the amount stated in the Declarations as your retention.

16. **"terrorism"** means a violent act or an act that is dangerous to persons, property, organizations, governments or infrastructure that is committed or threatened by an individual or individuals.  The act appears to be part of one or more of the following efforts to:

a.  coerce a civilian population or government or any segment thereof;

b.  injure them or damage property;

c.  interfere with or disrupt any segment of the economy; or

d.  further political, ideological, religious, social or economic objectives or express (or express opposition to) a philosophy or ideology.

17. **"underlying policy"** and **"underlying insurer"** mean: a policy listed as an underlying policy in the Declarations; and the insurer or insurers providing such a policy, respectively.



## II.  COVERAGE - PERSONAL EXCESS LIABILITY

We will pay all sums in excess of the **retained limit** and up to our limit of liability for damages because of an **occurrence** resulting in **bodily injury**, **personal injury** or **property damage** to which this policy applies and for which the **insured** is legally liable.

## EXCLUSIONS

1.  This policy does not apply to **bodily injury**, **personal injury** or **property damage**:

   a.  which is either expected or intended by any **insured** even if the resulting **bodily injury**, **personal injury** or **property damage**:

      (1)  is of a different kind, quality or degree than initially expected or intended; or

      (2)  is sustained by a different person, entity, real or personal property, than initially expected or intended.

      However, this exclusion does not apply to:

      (1)  **bodily injury** resulting from the use of reasonable force by any **insured** to protect persons or property; or

      (2)  **bodily injury** or **property damage** resulting from the use of reasonable force by any **insured** to prevent or eliminate danger in the operation of **motor vehicles** or watercraft.

   b.  arising out of **business pursuits** or the use of **business property**, unless the liability is covered by an **underlying policy**.

   c.  for any Limited Liability Company.

      However, this exclusion does not apply to a Limited Liability Company:

      (1)  formed for the sole purpose of ownership, maintenance or use of private residential premises insured under this Personal Liability Protection policy; and

      (2)  whose only managers and members are **insureds** as defined in I.5a(1), I.5a(2) and I.5a(3).

   d.  arising out of the providing of or failing to provide **professional services**.

   e.  arising out of the ownership, maintenance, use, loading, or unloading of any aircraft.

   f.  arising out of the ownership, maintenance, use, loading, or unloading of any hovercraft. Hovercraft means a self-propelled motorized ground effect vehicle and includes, but is not limited to, flarecraft and air cushion vehicles.

   g.  arising out of the ownership, maintenance, use, loading, or unloading of a **motor vehicle** or watercraft owned, hired or rented by any **insured,** unless the liability is covered by an **underlying policy** or by other valid and collectible insurance.

   h.  arising out of the ownership, maintenance, use, loading, or unloading of a **motor vehicle** or watercraft purchased during the policy period if you did not previously own and insure such a vehicle. This exclusion does not apply if, within 30 days of purchase, you:

      (1)  notify us of the purchase of a **motor vehicle** or watercraft; and

      (2)  obtain **underlying insurance** which meets our requirements.

   i.  arising out of the ownership or operation of a vehicle while it is being used, or available for hire, as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   j.  arising out of the use of a covered vehicle while leased or rented to others. This exclusion does not apply to the operation of a covered vehicle by any **insured**.

   k.  for which any **insured** is an insured under a nuclear energy liability policy issued by the Nuclear Energy Liability Insurance Association, the Mutual Atomic Energy Liability Underwriters, the Nuclear Insurance Association of Canada, or their successors.



l.  which results in any manner from the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants**, whether gradual or otherwise from anywhere, whether inside or outside a building, and including, without limitation, any above ground or underground storage tank or fuel delivery  system.

m.  from the use of any auto, recreational motor vehicles, aircraft or watercraft in the participation, practice or preparation for any race, speed contest, or similar competition. This exclusion does not apply to a sailing vessel less than 26 feet in  overall length with or without auxiliary power.

n.  arising out of any loss assessment charged against you as a member of an association, corporation, or community of  property owners.

o.  arising out of the transmission of a communicable disease, virus, or syndrome by any  **insured**.

p.  for Uninsured Motorists, Underinsured Motorists, or any other coverage unless these coverages are specifically listed in your Personal Liability Protection policy Declarations.

q.  for any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance in connection with the presentation, investigation or settlement of a claim or any portion of a claim.

r.  arising out of:

(1)  unlawful discrimination; or

(2)  discrimination because of race, color, creed, national origin, age, gender, marital status, or sexual orientation.

s.  arising directly or indirectly out of and including any action taken in hindering or defending against any actual or expected incident of:

(1) war, including undeclared or civil war;

(2) warlike action by a military force by any government, sovereign or other authority using military personnel or other  agents;

(3) insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or  defending against any of these;

(4) destruction, taking or use of any personal property for a military purpose;

(5) intentional or accidental discharge of a nuclear weapon; or

(6) **terrorism**, if any **insured** is directly involved in the cause of a terrorist act.

Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any  sequence to the loss.

t.  arising out of any actual or threatened sexual molestation, corporal punishment or physical or mental abuse, including the failure to detect, prevent, stop or report such molestation, punishment or abuse by others.

u.  arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a controlled substance(s). Controlled substances include, but are not limited to, cocaine, LSD, marijuana, phencyclidine (PCP), methamphetamines and all narcotic drugs.

However, this exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a  licensed physician.

v.  arising out of or aggravated by, in whole or in part, mold, fungus, wet rot, dry rot, or bacteria, whether or not ensuing  from a peril insured against.

w.  arising directly or indirectly out of exposure to lead; paint, plaster or putty containing lead; soil or earth containing lead; or any other material or substance containing lead.



x. arising directly or indirectly out of any **insured's** spreading of a computer virus or other act that interferes with, disrupts or otherwise causes an actual or alleged failure, malfunction or inadequacy or any other act that disrupts, compromises or reveals data stored on any computer of any of the following, whether belonging to any **insured** or to others:

(1) computer hardware, including microprocessors;

(2) computer application software;

(3) computer operating systems and related software;

(4) computer networks;

(5) microprocessors (computer chips) not part of any computer system; or

(6) any other computerized or electronic equipment or components; or

(7) any other products and services, data or functions that directly or indirectly rely upon, in any manner, any of the items listed in (1) through (6) above; or

(8) any other consequential damages resulting from (1) through (7) above.

y. arising from any transmission, upload or download, whether intentional or not, of computer code, programs or data.

2. This policy also does not apply to:

a. **bodily injury** or **personal injury** to any **insured.**

b. **property damage** to:

(1) property owned by any **insured**.

(2) property in the care, custody or control of any **insured**.

(3) property rented to, occupied or used by or in the care of any **insured**; but this exclusion (3) applies only to the extent of any liability of any **insured** on a contract to provide insurance for damage to such property.

c. any obligation for which any **insured** or any insurance company as his insurer may be liable under any worker's compensation or disability benefits law.

d. **punitive or exemplary damages** awarded against any **insured**.

e. **personal injury**:

(1) caused by or at the direction of any **insured** with the knowledge that the act would violate the rights of another and would inflict **personal injury**;

(2) arising out of oral or written publication of material, if done by or at the direction of any **insured** with knowledge of its falsity;

(3) arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(4) arising out of a criminal act committed by or at the direction of any **insured**; or

(5) sustained by any person as a result of an offense directly or indirectly related to the employment of this person by any **insured**.



### III.  DEFENSE COVERAGE, ASSISTANCE AND COOPERATION

If a suit is brought against any **insured** for **bodily injury**, **personal injury** or **property damage** covered by this policy, but not covered by any **underlying policy** or any other insurance, we will:

   a.  defend any **insured**, even if the suit is groundless or fraudulent.  We may make any investigation and settle any claim or suit that we decide is appropriate.  Our obligation to defend ends when the amount we pay for damages equals the limit of liability.

   b.  pay expenses incurred by us and all costs taxed against any **insured** in any suit we defend.

   c.  pay premiums on bonds required in a suit defended by us but not for bond amounts greater than our limit of liability.  We will not apply for or furnish any bond.

   d.  pay reasonable expenses incurred by any **insured** at our request, including actual loss of earnings (but not loss of other income) up to $250 per day but not more than $5000 per person for helping us in the investigation or defense of any claim or suit.

   e.  pay interest on the entire judgment which accrues after entry of the judgment and before we pay, tender or deposit in court that part of the judgment which does not exceed our applicable limit of liability.

These expenses are payable in addition to our limit of liability.

In any country where we are prevented by law from providing this defense coverage, we will pay for any such expenses you incur with our written consent.

We may, at our expense, associate with any other insurer in the investigation, defense or settlement of any claim or suit which in our opinion may require payment under this policy.  Any **insured** must, at our request, cooperate fully in the handling of all claims or suits.  This includes all rights of salvage, contribution, or indemnity that may affect our rights under this policy.


### IV.  LIMIT OF LIABILITY

Our total liability for all damages resulting from any one **occurrence** shall not exceed the limit of liability stated in the Personal Liability Protection policy Declarations regardless of the number of **insureds**, claims made or persons injured, vehicles involved in an accident, or vehicles insured by this policy.  All **bodily injury**, **personal injury** and **property damage** resulting from any one accident, from any one offense, from accidents or offenses that are similar in nature, or from continuous or repeated exposure to substantially the same general harmful conditions shall be considered to be the result of one **occurrence**.


### V.  CONDITIONS

**1.  Policy Period**

   This policy applies only to **bodily injury**, **personal injury** or **property damage** which occurs during the policy period.

**2.  Severability of Insurance**

   This policy applies separately to each **insured**.  This condition shall not increase our limit of liability for any one **occurrence**.

**3.  Notice of Occurrence or Suit**

   Whenever any **insured** has information that an **occurrence** has taken place which might involve this policy, he must give written notice to us or our agent as soon as practicable.  He also must immediately forward to us every claim, demand, summons or legal process.



4.   **Maintenance of Underlying Policies**

You must have, when this policy is first effective, **underlying policies** with limits of liability as shown in the Declarations. You must maintain such policies (or renewals or replacements) in full effect throughout the policy period. If you fail to maintain **underlying policies** that provide primary liability coverage meeting or exceeding the required minimum limits stated in the Declarations, we will be liable under this policy only as if you had maintained these required minimum limits.

You must give us written notice as soon as practicable of the termination of any **underlying policy.** You must also give us written notice as soon as practicable of any change in the scope or limits of coverage thereunder.

5.   **Loss Payable - Other Insurance**

This policy applies only to damages in excess of the **retained limit** for an **occurrence**. If collectible insurance with any other insurer is available for a loss also covered by this policy, this policy will be excess and will not contribute with such other  insurance.

6.   **Concealment or Fraud**

The entire policy will be void if, whether before or after a loss, any  **insured** has:

a.   intentionally concealed or misrepresented any material fact or circumstance;

b.   engaged in fraudulent conduct; or

c.   made false statements;

any of which relate to a loss, an accident, this policy or the application for this policy.

7.   **Legal Action Against Us**

No one can bring legal action against us unless all the terms of this policy have been complied with. Also, no legal action may be brought against us until:

a.   we agree in writing that any **insured** has an obligation to pay; or

b.   the amount of that obligation has been determined by judgment after trial.

Bankruptcy or insolvency of any **insured** shall not relieve us of liability under this policy.

8.   **Our Right to Recover Payment**

a.   If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

(1) hold in trust for us the proceeds of the recovery; and

(2) reimburse us to the extent of our payment.

b.   Any amount recovered in excess of the **retained limit** plus the limit of liability of this policy will be shared as follows:

(1) any interest (including the **insured)** will be reimbursed first for the amount actually paid;

(2) we will be reimbursed next to the extent of our actual payments;

(3) if there is still a balance, we will pay the **insured** or any **underlying insurer** as their interests may appear.

The expense of such recovery will be shared pro rata based on the ratio of respective recoveries.  If we attempt recovery by ourselves and there is no recovery, we will pay the expenses.

9.   **Changes**

This policy may be changed only by endorsement issued by us.



**10. Assignment**

Your rights and duties may not be assigned without our written consent. However, if the named insured dies, coverage will be provided for:

a. the surviving spouse or partner in a civil union, registered domestic partnership or other similar union or partnership, if a resident of the same household at the time of death; or

b. the legal representative of the deceased person as if a named insured. This applies only with respect to the representative's legal responsibility.

Such coverage will continue only until the end of the policy period.

**11. Examination Under Oath**

In the event of a loss, you will, as often as we reasonably require, be subject to an examination under oath while not in the presence of any other **insured**.

**12. Conformity**

If any provisions of this policy conflict with the statutes of the state in which the policy is issued, the provision is changed to conform to such statutes.

**13. Termination**

A. **Cancellation**. This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

a. returning this policy to us; or

b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

a. at least 10 days notice if cancellation is for nonpayment of premium; or

b. at least 30 days notice in all other cases.

B. **Nonrenewal**. If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

C. **Other Termination Provisions:**

1. If the law in your state at the time this policy is issued or renewed:

a. requires a different notice period;

b. requires a special form or procedure for giving notice; or

c. modifies any termination reasons;

we will comply with such law.

2. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

3. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.



**MUTUAL POLICY CONDITIONS**

You are a member of the Liberty Mutual Insurance Company while this policy is in force.  Membership entitles you to vote in person or by proxy at meetings of the company.  The Annual Meeting is in Boston, Massachusetts, on the second Wednesday in  April each year at 10 o'clock in the morning.

Also, as a member, you will receive any dividends declared on this policy by the Directors.

This policy is classified in Dividend Class I.

This policy has been signed by our President and Secretary at Boston, Massachusetts, and countersigned on the Declarations Page by an authorized representative.


**SECRETARY**                    **PRESIDENT**



# AMENDMENT OF POLICY PROVISIONS - INDIANA

**Section II. Coverage - Personal Excess Liability - Exclusions**

Exclusion 2.c. is replaced by the following:

c. any obligation or benefit

1. voluntarily provided; or
2. required to be provided;

by any **insured** under any:

1. Workers' compensation law;
2. Non-occupational disability law; or
3. Occupational disease law;

This Exclusion also applies to **bodily injury** to any person eligible to receive any benefits required to be provided by an **insured** under the Indiana Workers' Compensation statutes arising out of the failure of the **insured** to exact from a contractor or subcontractor a certificate from the workers' compensation board showing that the contractor or subcontractor has complied with the applicable workers' compensation insurance requirements.

**Section V. Conditions**

**7. Legal Action Against Us**

The following is added to Legal Action Against Us:

In the event that execution against an insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case of death, because of insolvency or bankruptcy of the **insured** then an action may be maintained against us by the injured person or his or her personal representative under the terms of the policy for the amount of the judgment in such action but not exceeding the amount of this policy.

**14. Notice to Agent**

14. Notice to Agent is added:

Your notice to our authorized agent, with information sufficient to identify you, shall be deemed notice to us.

All other provisions of this policy apply.



## Notice of Privacy Policy

Liberty Mutual* values you as a customer and takes your personal privacy seriously.  When you request a rate quotation, apply for insurance, request changes to your insurance policy or submit a claim, you disclose information about yourself or members of your family.  This notice tells you how we treat the information we collect about you.

### 1.  INFORMATION WE MAY COLLECT

We collect information about you from:

- Applications or other forms you complete, and information you provide to us over the telephone;
- Your business dealings with us and other companies;
- Your employer or association for Liberty Mutual Group products;
- Consumer reporting agencies, Motor Vehicle Departments, inspection services and medical providers; and
- Visits to our Liberty Mutual website.

### 2.  TYPES OF INFORMATION WE MAY DISCLOSE

We may disclose the following about you:

- Information from your application or other forms, such as your name, date of birth, address, social security number, vehicle and driver information;
- Information about your transactions with us, our affiliates or others, such as your insurance coverages, payment history, and certain claims information; and
- Information we receive from third parties, such as your motor vehicle records and claims history.

### 3.  TO WHOM INFORMATION MAY BE DISCLOSED

We do not disclose personal information about you to anyone unless allowed by law.  We are allowed by law to provide information to:

- A third party that performs services for us, such as claims investigations, medical examinations, inspections, and appraisals or for roadside assistance or the repair of your vehicle if you have a claim;
- Our affiliated companies and reinsurers;
- Insurance regulators and reporting agencies;
- Consumer reporting agencies to obtain loss history information, motor vehicle reports, or credit report information where permitted by law;
- State Motor Vehicle Departments to obtain a report of any accidents or convictions or to confirm your compliance with compulsory motor vehicle liability insurance laws;
- Law enforcement agencies or other government authorities to report suspected illegal activities;
- A person or organization conducting insurance actuarial, or research studies;
- Companies that provide marketing services on our behalf, or as part of a joint marketing agreement with banks, credit unions, and affinity partners, or providers of annuity and financial products and services offered through us to our customers; and
- As otherwise permitted by law.

### 4.  HOW WE PROTECT INFORMATION

We maintain physical, electronic, and procedural safeguards to protect your nonpublic personal information.  These safeguards comply with applicable laws.  We retain your information for as long as required by law or regulation.  The only employees or agents who have access to your information are those who must have it to provide products or services to you.  We do not sell your information to mass marketing or telemarketing companies.  Any information we share with third parties, such as those organizations which perform a service for us or market our products, is subject to appropriate confidentiality protections and may be used only for the purposes intended.

*This privacy notice is provided on behalf of the following Liberty Mutual companies and affiliates that provide personal automobile, homeowners, life insurance and annuities: Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation, Liberty Insurance Company of America, Liberty Northwest Insurance Corporation, Liberty Life Assurance Company of Boston, Liberty County Mutual Insurance Company (Texas only), Liberty Lloyds of Texas Insurance Company, LM Property and Casualty Insurance Company, Liberty Mutual Personal Insurance Company, Liberty Personal Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company, LM General Insurance Company, American States Preferred Insurance Company, Consolidated Insurance Company, Wausau General Insurance Company, Wausau Underwriters Insurance Company, Wausau Business Insurance Company and Montgomery Mutual Insurance Company.

Notices



**Liberty Mutual Insurance Company**
**Notice of Membership in Liberty Mutual Holding Company Inc. and**
**Notice of Annual Meeting**

Your policy includes a statement regarding membership rights in Liberty Mutual Holding Company Inc. Liberty Mutual Insurance Company is a Massachusetts stock insurance company subsidiary of Liberty Mutual Holding Company Inc., a Massachusetts mutual holding company. Insurance is provided by Liberty Mutual Insurance Company. The named insured first named in the declarations is a member of Liberty Mutual Holding Company Inc.

As a member of Liberty Mutual Holding Company Inc., the named insured first named is entitled, among other things, to vote either in person or by proxy at the annual meeting or special meetings of said company. The Annual Meeting of Liberty Mutual Holding Company Inc. is at its offices located at 175 Berkeley Street, Boston, Massachusetts, on the second Wednesday in April each year at ten o'clock in the morning.

Members of Liberty Mutual Holding Company Inc. may request a copy of the company's annual financial statements, which are posted on Liberty Mutual's website at libertymutual.com, by writing to Liberty Mutual Holding Company Inc., 175 Berkeley Street, Boston, Massachusetts, 02116, Attention: Corporate Secretary.



### Notice of Membership in Liberty Mutual Holding Company Inc.

While this policy is in effect, the named insured first named in the Declarations is a member of Liberty Mutual Holding Company Inc. and is entitled to vote either in person or by proxy at any and all meetings of the members of said company.  The Annual Meeting of Liberty Mutual Holding Company Inc. is in Boston, Massachusetts, on the second Wednesday in April each year at ten o'clock in the  morning.

The named insured first named in the Declarations shall participate in the distribution of any dividends declared by us for this Policy.  The amount of such Named Insured's participation is determined by the decision of our Board of Directors in compliance with any laws that apply.

Any provisions in the policy relating to:

1.  Membership in Liberty Mutual Insurance Company or Liberty Mutual Fire Insurance Company; or

2.  Entitlement to dividends as a member of Liberty Mutual Insurance Company or Liberty Mutual Fire Insurance Company

are deleted and replaced by the preceding paragraphs.

2340e

Page 1 of 1



## Important Information

We value your business and take pride in offering you excellent products with personal service.  For questions about your policy, for assistance with a problem, or to report a claim, you should contact Liberty Mutual immediately.

**Questions regarding your policy or coverage should be directed to :**

> **Company Name: Liberty Mutual Insurance Company**
>
> **Service: 1-800-225-8285**
>
> **Claims:** 1-800-2CLAIMS (1-800-225-2467)

If you need the assistance of the governmental agency that regulates insurance or have a complaint you have been unable to resolve you may contact the Department of Insurance by mail, telephone or email:

State of Indiana Department of Insurance
Consumer Services Division
311 West Washington Street, Suite 300
Indianapolis, Indiana  46204

Consumer Hotline: (800) 622-4461; (317) 232-2395
Complaints can be filed electronically at www.in.gov/idoi

Thank you for insuring with Liberty Mutual.  We appreciate your business.



## Billing Information

Your premium notice will be mailed to you in a few days.  When it arrives, you may choose a method of payment to suit your budget.

### THE CHOICE IS YOURS

You may pay the entire premium in full without additional charge.  Your payment must be received by the due date shown on the premium notice.

### OR

You may pay the premium in installments after a down payment and the balance in 10 monthly installments (minimum $30).  Should you elect to pay by the month, your next bill and all subsequent bills, whether or not there is a minimum amount due, will include a $4.00 Billing Expense Fee (shown under "Finance Charge") reflected in your monthly payment.

### PREMIUM PAYMENT PLAN EXAMPLES
#### (Minimum of $30 a month)

| If The Total Policy Premium Is: | And You Put down: | The Balance Subject To Billing Fee Will Be: | The Total Number of Monthly Installments ($30 Minimum) Will Be: | The Monthly Installment Before Adding The Billing Fee Will Be: | The Total Billing Fee For All Installments Will Be: | And The Total Deferred Payment Price Will Be |
|---|---|---|---|---|---|---|
| $ 100 | $ 30.00 | $ 70.00 | 3 | $ 30.00 | $ 12.00 | $ 112.00 |
| $ 200 | $ 50.00 | $150.00 | 5 | $ 30.00 | $20.00 | $ 220.00 |
| $ 300 | $ 75.00 | $225.00 | 8 | $ 30.00 | $32.00 | $ 332.00 |
| $ 400 | $100.00 | $300.00 | 10 | $ 30.00 | $40.00 | $ 440.00 |
| $ 500 | $150.00 | $350.00 | 10 | $ 35.00 | $40.00 | $ 540.00 |
| $ 600 | $200.00 | $400.00 | 10 | $ 40.00 | $40.00 | $ 640.00 |
| $ 800 | $200.00 | $600.00 | 10 | $ 60.00 | $40.00 | $ 840.00 |
| $1000 | $250.00 | $750.00 | 10 | $ 75.00 | $40.00 | $1040.00 |



**Premium Refund Policy**

In most states and in most situations, any refund owed will automatically be refunded in the same method your last payment was received. For example, if the last payment you made was by personal check, we will send you a refund via check.

PMKT 994 08 12

STATE OF INDIANA )       IN THE MARION COUNTY SUPERIOR COURT
) SS:
COUNTY OF MARION )

DANA TOWNSEND, as the personal   )
representative of WRONGFUL DEATH   )    CAUSE NO:
ESTATE OF CHARLES SPARKS,   )
deceased,   )
  )
        Plaintiff,   )
  )
      vs.   )
  )
LIBERTY MUTUAL INSURANCE   )
COMPANY,   

        Defendants.

---

**TO DEFENDANT:**      Liberty Mutual Insurance Company
                 c/o Registered Agent
                 135 N Pennsylvania Street, Suite 1610
                 Indianapolis, IN 46204

      You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

      The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

      An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

      If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your answer.

DATED: _7/23/2020_      _Myla A. Eldridge_     (Seal)
                        CLERK, Marion County Superior Court

**(The following manner of service of summons is hereby designated)**

_____Registered or certified mail.

_____Service at place of employment, to wit:

_____Service on individual - (Personal or copy) at above address.

__X__Service on agent. (Specify)

_____Other Service. (Specify)

Sarah Graziano ,#21650-49
**Attorney for Plaintiff**
117 E Washington St, Suite 200
Indianapolis, IN. 46204
(317)472-3333

MARION COUNTY COURTS
SEAL
INDIANA

## CERTIFICATE OF MAILING

I hereby certify that on the _____day of_____, 20___, I mailed a copy of the Complaint to the Defendant, Liberty Mutual Insurance Company by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

_____

Sarah Graziano

Dated:_____         By: Sarah Graziano

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Defendant was accepted by the Defendant on the _____day of_____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was not accepted on the _____day of_____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Defendant, _____was accepted by_____ on behalf of said Defendant on the _____day of_____, 20___.

_____

CLERK, Marion County Superior Court

By:_____

Deputy

STATE OF INDIANA      )        IN THE MARION COUNTY SUPERIOR COURT
                      ) SS:
COUNTY OF MARION )             CAUSE NO:
                               )
DANA TOWNSEND, as the personal )
representative of WRONGFUL      )
DEATH ESTATE OF CHARLES         )
SPARKS, deceased,              )
                               )
        Plaintiff,       )
                               )
   vs.                       )
                               )
LIBERTY MUTUAL INSURANCE        )
COMPANY,

       Defendants.

_____

# **APPEARANCE**

1.     <u>DANA TOWNSEND, as the personal representative of WRONGFUL DEATH ESTATE
                                   OF CHARLES SPARKS, deceased</u>
     Name of represented party

2.     Attorney information (as applicable for service of process):

     Name: Sarah Graziano         Atty Number:<u>  21650-49    </u>
     <u>HENSLEY LEGAL GROUP, PC  </u>  Phone: <u>   (317) 472-3333   </u>
     <u>Address:117 East Washington Street</u>  FAX:  <u>   (317) 472-3340   </u>
     <u>Suite 200                </u>           Email: <u>sgraziano@hensleylegal.com</u>
     <u>Indianapolis, IN  46204  </u>

3.     Case Type requested: <u>CT</u>

4.     Will accept EMAIL service: NO, unless provided via the Court's ECF system.

5.     Will accept FAX service: Yes ___ No <u> X </u>

Sarah Graziano, #21650-49
**Attorney for Plaintiff**

Case 1:20-cv-02191-JPH-MJD   Document 1-7   Filed 7/37/2020   Page 62 of 66 PageID #: 737

49D11-2007-CT-024564   07/30/20   Filed: 7/37/2020 1:12 PM
Clerk
Marion Superior Court, Civil Division 11   Marion County, Indiana

STATE OF INDIANA    )        IN THE MARION COUNTY SUPERIOR COURT
                    ) SS:
COUNTY OF MARION )           CAUSE NO:
                             )
DANA TOWNSEND, as the personal )
representative of WRONGFUL    )
DEATH ESTATE OF CHARLES       )
SPARKS, deceased,             )
                             )
            Plaintiff,        )
                             )
    vs.                       )
                             )
LIBERTY MUTUAL INSURANCE      )
COMPANY,

            Defendants.

---

# **APPEARANCE**

1.  <u>DANA TOWNSEND, as the personal representative of WRONGFUL DEATH ESTATE OF CHARLES SPARKS, deceased</u>
    Name of represented party

2.  Attorney information (as applicable for service of process):

    Name: Eileen Smart              Atty Number:__35761-49___
    HENSLEY LEGAL GROUP, PC         Phone: ___(317) 472-3333___
    Address: 117 East Washington Street   FAX: ___(317) 472-3340___
    Suite 200                       Email: esmart@hensleylegal.com
    Indianapolis, IN  46204

3.  Case Type requested: CT

4.  Will accept EMAIL service: NO, unless provided via the Court's ECF system.

5.  Will accept FAX service: Yes ___ No _X_

_____

Eileen Smart, #35761-49
**Attorney for Plaintiff**

STATE OF INDIANA    )       IN THE MARION COUNTY SUPERIOR COURT
                  ) SS:
COUNTY OF MARION )       CAUSE NO:  49D11-2007-CT-024564
                  )
DANA TOWNSEND, as the personal )
representative of WRONGFUL    )
DEATH ESTATE OF CHARLES    )
SPARKS, deceased,             )
                  )
          Plaintiff,    )
     v.                 )
                  )
LIBERTY MUTUAL INSURANCE   )
COMPANY,

         Defendant.

---

## <u>CERTIFICATE OF ISSUANCE OF SUMMONS</u>

    I certify that on July 24, 2020 I mailed a copy of the summons and a copy of the complaint to the defendant, Liberty Mutual Insurance Company, c/o Registered Agent, 135 N Pennsylvania Street, Suite 1610, Indianapolis, IN 46204 by certified mail #7020 0640 0000 2215 1006, requesting a return receipt to the Marion County Clerk's office.

                                 *Sarah Graziano*

                                Sarah Graziano, Attorney # 21650-49
                                Attorney for Plaintiff

**HENSLEY LEGAL GROUP, PC**
117 East Washington Street, Suite 200
Indianapolis, IN 46204
(317) 472-3333
sgraziano@hensleylegal.com

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Liberty Mutual Insurance Co.
c/o Registered Agent
135 N Pennsylvania St, Ste 1610
Indianapolis, IN 46204

|| 9590 9402 3959 8060 0692 30

2. Article Number (Transfer from service label)

7020 0640 0000 2215 1006

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Mary Cole_

☐ Agent
☐ Addressee

B. Received by (Printed Name)   _Mary Coleman_   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Marion County Clerk
Attn: 49D11-2007-CT-02454
200 E Washington St, Suite W122
Indianapolis, IN 46204

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 0650 5407 9358 9090 0690 30

USPS TRACKING #